JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-07567 DMG (RZx)** | Date | May 15, 2013 |
|---|---|---|---|

| Title | *People of the State of California v. U.S. Bank National Assoc. et al* | Page | 1 of 9 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [DOC. # 13] AND DEFENDANTS' MOTIONS TO DISMISS AND STRIKE [DOC. ## 14, 15, 16]**

This matter is before the Court on the motion to remand filed by Plaintiff, the People of the State of California (the "People"), and Defendants' Motions to Dismiss the Case and Strike Portions of the Complaint. On December 4, 2012, the Court took the motions under submission because it deemed them appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, the Motion to Remand is **GRANTED**. The Motions to Dismiss and Strike are **DENIED** as moot.

## I.
## PROCEDURAL & FACTUAL BACKGROUND

On February 1, 2012, Carmen Trutanich, the Los Angeles City Attorney, initiated this action by filing a Complaint in the Los Angeles County Superior Court on behalf of the People against Defendant U.S. Bank, N.A., in its individual capacity and as trustee for 174 individual trust funds that hold or held title to certain properties in Los Angeles County. (Compl. at 3-21.) The Complaint asserts the following causes of action: (1) violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* against U.S. Bank in its individual and representative capacities; (2) violation of the UCL, Cal. Bus. & Prof. Code § 17200 *et seq.* against U.S. Bank in its representative capacity only; and (3) violation of Los Angeles Municipal Code ("LAMC") § 11.00(l) against U.S. Bank in its individual and representative capacities. (*Id.* at 72-82.) The Complaint seeks injunctive relief, restitution, and civil penalties.

The Complaint alleges that U.S. Bank was and continues to be heavily involved with mortgage-backed securities in California and around the United States. (Compl. ¶¶ 2-4.) Prior to 2006, U.S. Bank acquired residential mortgage loans from smaller banks and bundled them into securities, shares of which were then sold to investors. (*Id.* ¶ 3.) U.S. Bank also serves as trustee for these trusts and receives compensation for that service. (*Id.*) Many of these trusts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 12-07567 DMG (RZx)** | Date | May 15, 2013 |
| Title | *People of the State of California v. U.S. Bank National Assoc. et al* | Page | 2 of 9 |

were comprised of sub-prime mortgages of individuals who were often under-qualified to stay on top of their payments. (*Id.* ¶ 4.) When the financial crisis of 2007-2008 hit, many of these mortgages were foreclosed upon, and U.S. Bank thereby became a large-scale residential property owner. (*Id.* ¶ 5.) Since 2008, U.S. Bank has acquired more than 1500 residential properties in the City of Los Angeles ("the Foreclosed Properties"). (*Id.* ¶ 6.) The Complaint alleges that, in the past four years U.S. Bank has "disregarded virtually every one of its legal duties and responsibilities as owner" of the Foreclosed Properties, resulting in widespread violations of municipal and state housing and public health laws, including vacant nuisance properties, substandard conditions at occupied housing units, and unlawful evictions. (*Id.* ¶¶ 7-9.)

Plaintiff asserts that this action is a "civil law enforcement action" brought to end U.S. Bank's unlawful, unfair, and fraudulent business acts. (Compl. ¶ 9.) On September 4, 2012, U.S. Bank timely removed the action to this Court. [Doc. # 1.] U.S. Bank asserts that the City of Los Angeles, and not the People, is the real party in interest, and therefore this Court has jurisdiction under 28 U.S.C. § 1332 on the basis of diversity of citizenship. (*Id.*) The People moved to remand the action on October 4, 2012. On October 11, 2012, U.S. Bank moved to dismiss and strike the action on various grounds.

## II.
## LEGAL STANDARD

Diversity jurisdiction under 28 U.S.C. § 1332 requires that (1) the parties to the suit are of diverse citizenship, *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806)) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."), and (2) the claim is for an amount greater than $75,000. For the purposes of diversity jurisdiction, "a State is not a citizen of itself." *Dep't of Fair Employment & Hous. v. Lucent Techn., Inc.,* 642 F.3d 728, 736-38 (9th Cir. 2011) (quoting *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 291 n. 44, 105 S. Ct. 3142, 87 L. Ed. 2d 171 (1985)). Thus, "neither a state nor a state agency [can] be a party to a diversity action." *Id.* (quoting *Fifty Assocs. v. Prudential Ins. Co.,* 446 F.2d 1187, 1191 (9th Cir.1970). While a state is not a citizen of itself for purposes of diversity jurisdiction, a political subdivision of the state is. *Moor v. Alameda Cnty.*, 411 U.S. 693, 717-18, 93 S. Ct. 1785, 36 L. Ed. 2d 596 (1973). Real parties to the controversy, or those who have a stake in the litigation and its outcome, are considered when determining whether diversity exists. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461, 100 S. Ct. 1779, 64 L. Ed. 2d 425 (1980).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 12-07567 DMG (RZx)** | Date | May 15, 2013 |
| Title | *People of the State of California v. U.S. Bank National Assoc. et al* | Page | 3 of 9 |

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted). When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof. *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1194-95, 175 L. Ed. 2d 1029 (2010).

### III.
### DISCUSSION

Plaintiff argues that remand is proper because the State of California is not a citizen of itself and therefore complete diversity does not exist.

The Ninth Circuit has articulated a general standard for determining whether a state is a real party in interest for diversity purposes. *Lucent*, 642 F.3d at 736-38. In *Lucent*, the Department of Fair Employment and Housing ("DFEH") brought an action on behalf of an aggrieved individual under the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900 *et seq.* When the defendant removed the action to Federal court, DFEH argued that it was a real party in the controversy because FEHA established the state's interest in protecting all persons from employment discrimination. *Id.* at 738 (citing Cal. Gov't Code § 12920). The court disagreed, stating that the very generalized governmental interests reflected in the statute gave California standing to sue but did not render it a real party in interest for purposes of diversity jurisdiction. *Id.* at 739. The Court further found that, in that case, the equitable relief sought for the state was "tangential" to the relief sought for the individual employee, which included reinstatement, back pay, front pay, other benefits of employment, and actual and punitive damages. *Id.* at 739 n.8. Considering the nature of the suit as a whole, the Court found that the individual employee, not DFEH, was the real party in interest. *Id.* at 740.

In *Nevada v. Bank of America Corp.*, 672 F.3d 661, 670 (9th Cir. 2012), the Ninth Circuit applied the standard set forth in *Lucent* and held that Nevada *was* the real party in interest. In *Nevada*, the State Attorney General sued Bank of America for allegedly misleading Nevada consumers about certain mortgage and foreclosure processes under Nevada's Deceptive Trade Practices Act. *Id.* at 664. The court found that, unlike the DFEH in *Lucent*, which sued on behalf of a single employee, the suit sought to protect hundreds of thousands of homeowners who were directly deceived by Bank of America, as well as those affected by Bank of America's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-07567 DMG (RZx)** | Date | May 15, 2013 |
|---|---|---|---|
| Title | *People of the State of California v. U.S. Bank National Assoc. et al* | Page | 4 of 9 |

alleged fraud on Nevada's economy as a whole. *Id.* at 670. Thus, Nevada had a "specific, concrete interest in eliminating any deceptive practices that may have contributed [to the fact that Nevada was particularly hard-hit by the mortgage crisis]." *Id.*

The court also found that "Nevada's sovereign interest in protecting its citizens and economy from deceptive mortgage practices [was] not diminished merely because it ha[d] tacked on a claim for restitution," because that restitution claim did not negate Nevada's "substantial interest in the case." *Nevada*, 672 F.3d at 671. The state's strong and distinct interest in the litigation was demonstrated by the other forms relief that it sought, including: (1) enforcing a consent judgment which disclaims a private right of action, (2) seeking civil penalties unavailable to private consumers, (3) seeking injunctive relief when the state is held to a lower burden of proof than a private plaintiff would otherwise face, and (4) seeking to recoup the expenses of the government investigation into the defendant's business practices. *Id.* at 672. These forms of relief were substantial and unique to the state, and therefore Nevada was the real party in interest. *Id.*

Thus, when determining whether the State is a real party, the Court must consider: (1) the State's "concrete interest" in the litigation and (2) the availability to the State of "unique and substantial relief." *Id*. at 670-72. The Court follows the substantive law of California when making this determination. *See Lucent*, 642 F.3d at 738.

A.     **The State Has a Concrete Interest in the Litigation**

Here, the People seek relief under the UCL and the LAMC. Under Cal. Bus. & Prof. Code § 17204, a city attorney may bring an action "in the name of the people of the State of California" upon their own complaint or upon the complaint of an injured individual. Prior to *Lucent*, the Ninth Circuit and California courts consistently recognized that a UCL action brought by a government entity is "fundamentally a law enforcement action designed to protect the public and not to benefit private parties." *People v. Pacific Land Research Co.,* 20 Cal. 3d 10, 141 Cal.Rptr. 20, 24, 569 P.2d 125 (1977); *see also City & Cnty. of San Francisco v. PG&E Corp.*, 433 F.3d 1115, 1125-26 (9th Cir. 2006) (citing *Pacific Land Research*). Similarly, Section 11.00(l) of the LAMC provides that "any violation of any provision of this Code is declared to be a public nuisance and may be abated by the City or by the City Attorney on behalf of the people of the State of California . . . ."

Although such statutory language does not automatically render the People a real party in interest after *Lucent*, it is helpful in discerning whether the state has a concrete interest in the litigation. *See Lucent*, 642 F.3d at 739 n.7. In *Lucent*, the court reasoned that a "state cannot

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 12-07567 DMG (RZx) | Date | May 15, 2013 |
|---|---|---|---|

| Title | *People of the State of California v. U.S. Bank National Assoc. et al* | Page | 5 of 9 |
|---|---|---|---|

possess the ability to defeat federal [diversity] jurisdiction merely by enacting legislation pursuant to its police powers." *Id.* at 739 n.6. In that case, however, FEHA merely stated that the legislation was "an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state, and it maintained that "the person claiming to be aggrieved shall be the real party in interest." *Id.* at 739 (quoting Cal. Gov't Code §§ 12920, 12965(c)(2)). In contrast, here, the UCL and the Los Angeles Municipal Code specifically vest in the City Attorney the right to bring an action on behalf of the State to enforce an interest that is more concrete than that provided for in FEHA.

Most importantly, the facts underlying the People's claims here demonstrate the State's concrete interest in the action. The Complaint alleges that U.S. Bank's unlawful conduct has resulted in the creation of public nuisances throughout Los Angeles. (*See, e.g.*, Compl. ¶ 9.) California law defines a nuisance as "[a]nything which is injurious to health, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property." Cal. Civ. Code § 3497. A "public nuisance" is one which affects "at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal." Cal. Civ. Code § 3480. The City of Los Angeles has declared any violation of the LAMC to be a "public nuisance," *see* Cal. Gov't Code § 38771, and the LAMC allows the City Attorney to bring suit to abate such a nuisance. LAMC § 11.00(l).

The harms alleged here are more akin to the alleged wrongs in *Nevada* than to those in *Lucent*. In *Nevada*, the court noted that "[f]oreclosures work a widespread and devastating injury not only to those borrowers who are defrauded, but also on other Nevada residents and the Nevada economy as a whole." 672 F.3d at 670. Similarly, the conditions at the Foreclosed Properties here harm not only the residents of those properties, but the communities around them that must be exposed to structures that threaten health, safety, and the local economy. In contrast, the DFEH in *Lucent* sought only to vindicate the rights of a single individual whose harms arose out of an employment relationship. 642 F.3d at 739. In this case, the People's concrete interest in preventing and abating public nuisances and substandard living conditions for a significant portion of the population is substantial.[1]  *See id.* at 738.

---

[1] U.S. Bank also points to *Bates v. Mortgage Elec. Reg. Sys., Inc.*, 694 F.3d 1076 (9th Cir. 2012), to support its argument that the People have no real interest in the action. In *Bates*, an individual realtor brought a *qui tam* action on behalf of numerous California Counties under the CFCA. *Id.* at 1079. Finding that the State had no concrete interest in the suit, the court noted that the "pleadings [did] not disclose any ground" for finding a unique state interest. *Id.* Here, in contrast, the alleged harms to a broader community are evident on the face of the Complaint.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk vv |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 12-07567 DMG (RZx) | Date | May 15, 2013 |
| Title | *People of the State of California v. U.S. Bank National Assoc. et al* | Page | 6 of 9 |

### B. The State Seeks Unique and Substantial Relief

The remedy sought must also be unique and substantial in order to substantiate the State's interest in a suit. *See Nevada,* 672 F.3d at 671-72. U.S. Bank first argues that the State has no "unique" interest in the suit because any benefit will go to the City of Los Angeles, not any broader California community. In *Lucent*, the Ninth Circuit held that the State's presence in a suit will defeat diversity only if "the relief sought is *that which inures to it alone*." *Lucent*, 642 F.3d at 737 (citing *Missouri, K. & T. Railway Co. v. Missouri R.R. & Warehouse Comm'rs,* 183 U.S. 53, 60, 22 S. Ct. 18, 46 L. Ed. 78 (1901) (emphasis added)); *see also Ex Parte Nebraska*, 209 U.S. 436, 444, 28 S. Ct. 581, 52 L. Ed. 876 (1908) ("[T]he mere presence on the record of the state as a party plaintiff will not defeat the jurisdiction of the Federal court when it appears that the state has no real interest in the controversy."). Courts have long since limited this language in *Missouri Railway*, instead requiring that a state have a "substantial stake in the outcome of the suit" to be a real party in interest." *See People of State of Cal. v. Universal Syndications*, No. CV 09-01186, 2009 WL 1689651 at *4 (N.D. Cal. June 16, 2009) ("[T]he implications of a literal application of *Missouri Railway* have been considered—and rejected—in multiple district court decisions."); *see also People of State of Cal. v. Time-Warner*, No. CV 08-04446, 2008 WL 4291435 at *2 (C.D. Cal. Sept. 17, 2008).

Although *Lucent* rejected the rationale that a state's presence as a nominal party will not make the state a real party in interest, it cannot fairly be read to require that the State be the sole beneficiary of a suit to the exclusion of other stakeholders. *See Lucent*, 738 n.2. Indeed, in *Missouri Railway*, it was clear that the State had no cognizable interest in the suit: the railway company stood to benefit from enforcement of its rates and charges, and those obligated to pay such charges stood to benefit from the rate reduction they sought, but the State itself was not involved. 183 U.S. at 60. Thus, while the State's "general governmental interest" in *Missouri Railway* was insufficient to make the State, completely absent from that suit, a real party in interest, the same concern is not at play in cases like this where the State is not only present but stands to gain a concrete benefit from the litigation. *Id.* at 60. Here, the alleged wrongs not only harm individual pecuniary interests, but also the State's interests in public health, economic development, safety, community welfare, and law enforcement. These are more than mere generalized interests.

In this case, the People seek injunctive relief under the UCL and the LAMC to force U.S. Bank's compliance with all state and local laws governing residential property ownership. (*See* Compl. at 83.) In addition, the People seek civil penalties under the UCL and the LAMC, as well as restitution "to any person deprived of money or property as a result of" U.S. Bank's conduct. (*Id.* at 84.) California law considers restitution to be "ancillary" relief in UCL cases.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 12-07567 DMG (RZx)** | Date | May 15, 2013 |
| Title | *People of the State of California v. U.S. Bank National Assoc. et al* | Page | 7 of 9 |

*See In re Tobacco Cases*, 46 Cal. 4th 298, 319, 207 P.3d 20, 34 (2009) (characterizing restitution sought in UCL action as "ancillary" to injunctive relief); *Pacific Land Research*, 20 Cal. 3d at 17 (same). Additionally, actions "filed by the People seeking injunctive relief and civil penalties" are considered "fundamentally . . . law enforcement action[s] designed to protect the public and not to benefit private parties." *State v. Altus Fin., S.A.*, 36 Cal. 4th 1284, 1306, 32 Cal. Rptr. 3d 498 (2005). Even after *Lucent*, these characterizations continue to apply to UCL actions, but the Court must also examine the nature of the case "as a whole" to determine the real party in interest. *See Nevada*, 672 F.3d at 670.

U.S. Bank argues that, because any civil penalties will go to Los Angeles and not to the State treasury, the State has no real interest in the suit. While it is true that any UCL civil penalties recovered in this action will inure to the treasuries of the City of Los Angeles and Los Angeles County, this does not destroy the State's interest in the suit. *See* Cal. Bus. & Prof. Code § 17206(c) ("[I]f the action is brought by a city attorney or city prosecutor, one-half of the penalty collected shall be paid to the treasurer of the city in which the judgment was entered, and one-half to the treasurer of the county in which the judgment was entered."). Courts analyzing the UCL's civil penalties scheme have uniformly concluded that such funds benefit the State even where they are deposited in a local rather than a state treasury because the funds are "for the exclusive use . . . for the enforcement of consumer protection laws."[2] *See Universal Syndications*, 2009 WL 1689651 (UCL action brought by district attorney sought a unique remedy for the state notwithstanding that civil penalties would go to local rather than state treasury); *Time-Warner*, 2008 WL 4291435 (same). In *Lucent*, DFEH sought only injunctive relief to prevent the defendant from continuing its unlawful acts in the future. 642 F.3d at 739. Because *Lucent* did not deal with the UCL's unique civil penalties scheme, it had no occasion to consider whether such civil penalties inure to the State and therefore it cannot be read to jettison the State's long recognized interest in that relief. In this Court's view, the civil penalties sought in this action constitute a substantial benefit to the State of California.

The other benefits sought are also uniquely available to the State as opposed to individual litigants. For example, California courts allow government officials suing on behalf of the People to bring suit in state court without an independent showing of injury. *People v. Bhakta*,

---

[2] U.S. Bank argues that *Lucent*'s rejection of *W. Virginia v. Morgan Stanley & Co.*, 747 F. Supp. 332, 338-339 (S.D.W.Va. 1990), renders *Universal Syndications* and *Time-Warner* "bad law" in their entirety. The Court disagrees. *Lucent* rejected *Morgan Stanley* as it expanded the concept of "quasi-sovereign interests" generally for purposes of diversity jurisdiction. 642 F.3d at 737 n.2. It did not—and indeed, could not—disturb the longstanding rule that civil penalties reserved for law enforcement are for the benefit of the State regardless of where they are deposited. In *Lucent*, no civil penalties were sought because no such penalties are available under FEHA, and therefore the Court declines to read *Lucent* in such a broad manner.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 12-07567 DMG (RZx)** | Date | May 15, 2013 |
| Title | *People of the State of California v. U.S. Bank National Assoc. et al* | Page | 8 of 9 |

135 Cal. App. 4th 631, 641, 37 Cal. Rptr. 3d 652 (2006). Prior to 2004, "private attorneys general" bringing suit on behalf of the People were also authorized to bring UCL claims without having suffered an injury, but Proposition 64 altered the statute's standing requirements. *E.g.*, *Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir. 2009) (individual litigants lacked standing to bring UCL claim because they failed to allege a distinct and palpable injury). Thus, as in *Nevada*, where the state sought injunctive relief at a lower burden of proof than that required for private plaintiffs, the People here are uniquely positioned to pursue the litigation without having suffered an actual injury.[3] *Nevada*, 672 F.3d at 672.

      This Court recently declined to remand an action brought by the Los Angeles City Attorney under the UCL and the California False Claims Act ("CFCA"). *See Cal. v. Northern Trust Corp.*, No. CV 12-1813, 2013 WL 1561460 (C.D. Cal. Apr. 10, 2013). In *Northern Trust*, the complaint focused entirely on a contractual relationship between the Los Angeles City Employees' Retirement System ("LACERS") and two private financial consulting companies, and it sought $95 million in restitution and treble damages for LACERS for wrongs that allegedly arose out of that relationship. *Id.* at *3. Applying *Lucent*, the Court concluded that the State lacked an interest in the suit sufficient to make it a real party in interest because the claims focused entirely on the private relationship between LACERS and its advisors. Here, in contrast, the request for restitution is for individuals who have been "deprived of money or property as a result of the unlawful, unfair and fraudulent business acts" of U.S. Bank. (Compl. at 83-84.) Unlike in *Northern Trust*, the Complaint in this case strongly suggests that the restitution is truly secondary to the injunctive relief and civil penalties sought to prevent future harms by U.S. Bank. The Complaint alleges that U.S. Bank's conduct has "caus[ed] blight and destabilize[ed] communities" throughout Los Angeles, a harm that goes beyond mere economic injury caused by U.S. Bank and that may be vindicated by the State alone. (*Id.* ¶ 1.) Like the claims for restitution in *Nevada*, the restitution sought here is incidental and merely "tacked on" to the more central claims for injunctive relief and civil penalties. *Nevada*, 672 F.3d at 671.

      *Lucent* and *Nevada* require this Court to consider "the essential nature and effect of the proceeding as it appears from the entire record" to determine whether the State is the real party in interest for diversity purposes. *Nevada*, 672 F.3d at 670 (citing *Lucent*, 642 F.3d at 740). The Court has considered the alleged harms, the statutory schemes that form the basis for the claims, and the nature of the relief sought, and it concludes that the State does have a substantial and unique interest in the suit which makes its presence more than merely nominal. Accordingly, the Court concludes that the People are the real party in interest for purposes of determining

---

[3] In addressing the current motions, the Court need not and does not make any finding as to whether the People have suffered actual injury.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-07567 DMG (RZx)** | Date | May 15, 2013 |
|---|---|---|---|

| Title | *People of the State of California v. U.S. Bank National Assoc. et al* | Page | 9 of 9 |
|---|---|---|---|

diversity jurisdiction. *See Lucent*, 642 F.3d at 737. In light of this finding, the Court lacks jurisdiction over the action because there is not diversity of citizenship among the parties. *See* 42 U.S.C. § 1332.

      Plaintiff's motion to remand is **GRANTED**. Defendants' motions to dismiss and strike are accordingly **DENIED** as moot. The case shall be remanded to Los Angeles Superior Court in its entirety.

**IT IS SO ORDERED.**